UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM IRWIN <br>     *Plaintiff*, <br> <br>     *vs.* <br> <br> MICHAEL J. ASTRUE, COMMISSIONER OF <br> SOCIAL SECURITY, <br>     *Defendant.* | ) <br> ) <br> ) <br> )    No. 1:09-cv-1143-JMS-DML <br> ) <br> ) <br> ) <br> ) |

## **ENTRY REVIEWING THE COMMISSIONER'S DECISION**

Plaintiff, William Irwin, applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") through the Social Security Administration in August 2005. After a series of administrative proceedings and appeals, including a hearing in November 2008 before Administrative Law Judge ("ALJ") Ann Rybolt, the agency denied his application. Mr. Irwin then filed this action under 42 U.S.C. § 405(g), requesting that the Court review the denial.

## **BACKGROUND**

The ALJ determined that Mr. Irwin was not disabled and thus was not entitled to DIB or SSI benefits, despite suffering from several serious medical impairments: hearing loss, peripheral neuropathy, chronic obstructive pulmonary disease, and anticoagulant therapy. [R. 27.][1] She determined that the primary impairment was the neuropathy. [R. 32.] Because that condition did "not have an abundance of objective findings to support it," the ALJ noted that assessing Mr. Irwin's credibility about the extent of his symptoms was "especially relevant." [*Id.*] And in that regard, the ALJ explained that several pieces of evidence, besides the lack of objective evidence, called into question Mr. Irwin's credibility: conflicting accounts about his continued alcohol

---

[1] Although DIB and SSI have slightly different requirements, the parties have not argued that the differences between the programs have any bearing on this appeal.

(ab)use, about whether he ran an illegal gambling operation for twenty years, and about the extent to which he performed his activities of daily living; and a letter that he wrote to Senator Lugar claiming to have worked for Northeast School Corporation of Sullivan County "*for 31 years*, although no such earnings [records] exist." [R. 31-32 (original emphasis).]

It turns out—as the Commissioner agrees here—that the ALJ was wrong to fault Mr. Irwin for the statements in that letter to Senator Lugar. [*See* dkt. 33 at 13.] This Mr. Irwin never wrote the letter. Another disability claimant named "Bill Irwin" wrote it in support of his own claim, but it was misfiled in the current Mr. Irwin's file. [R. 986.]

The only issue in this appeal is whether a remand is required given the ALJ's erroneous use of the letter to discount Mr. Irwin's credibility.

## DISCUSSION

Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft v. Astrue*, 529 F. 3d 668, 678 (7th Cir. 2008), the Court must afford the ALJ's credibility determination "considerable deference," overturning it generally only if it is "patently wrong," *Prochaska v. Barnhart*, 454 F. 3d 731, 738 (7th Cir. 2006) (quotations omitted), a phrase that means "lack[ing] any explanation or support." *Elder v. Astrue*, 529 F 3d. 408 at 413-14. A remand for reconsideration is, however, also appropriate if the credibility assessment rests upon a non-harmless factual mistake. *Allord v. Barnhart*, 455 F.3d 818, 821 (7th Cir. 2006).[2]

---

[2] The Seventh Circuit recently refused to remand a disability denial involving a credibility determination premised upon several mistakes of fact without specifically engaging in a harmless-error analysis. *See Jones v. Astrue*, 2010 U.S. App. LEXIS 21968 (7th Cir. Oct. 22, 2010). Because the Seventh Circuit found abundant evidence to support the adverse credibility finding—which could support a finding of harmless error under *Allord*, as explained later—and because the Seventh Circuit did not criticize the district court for having applied the concept of "harmless error," the Court does not find that *Jones* undermines the authority of *Allord*.

Although the Commissioner concedes that the ALJ was wrong to consider the letter that was misfiled with Mr. Irwin's records, the Commissioner argues that the ALJ gave additional reasons, supported by the record, for discounting Mr. Irwin's credibility—reasons that Mr. Irwin does not dispute here. Thus, the Commissioner asserts that the adverse credibility finding was not patently erroneous, and any mistake as to the ALJ's reference to the letter to Senator Lugar was harmless.

After reviewing the record, the Court concludes that the ALJ's error does not meet the criteria for harmless error under controlling precedent. "The only situations in which an error in the factors considered by the trier of fact in making a credibility determination can confidently be thought harmless are when a contrary determination would have to be set aside as incredible or when the trier of fact says that [s]he would have made the same determination even if the questioned circumstances had been different from what [s]he thought them to be and [s]he gives an adequate reason for that back-up position." *Allord*, 455 F.3d at 821. Neither condition is satisfied in the present case.

While a close call, the first condition fails because the Court cannot conclude—as it would have to do to find harmless error—that "no reasonable trier of fact" could have possibly believed Mr. Irwin's testimony any more than the ALJ did here relying on the letter. *Allord,* 455 F.3d 818. As indicated above, the ALJ acknowledged that Mr. Irwin's credibility was "especially relevant" given the lack of objective evidence. [R. 32.] The letter was not only important enough in the ALJ's credibility determination for her to mention it at all, but its contents were so powerful as to merit italics. Furthermore, the "inconsistency" contained in it directly related to an attempt to obtain disability benefits, which made it especially probative of Mr. Irwin's other testimony offered to obtain disability benefits.

The second condition for a harmless error, however, easily fails. The ALJ did not say that she would have made the same determination even if the questioned circumstances had been different from what she thought them to be. *Allord*, 455 F.3d 818. Thus, "whether [s]he would have made the same determination had [s]he not erred [regarding the facts] is speculative." *Id.* at 821.

The ALJ thoroughly and carefully reviewed the record in this case. In the end, the credibility determination was the dispositive issue. The ALJ highlighted a statement contained in a letter to a United States Senator, erroneously placed in Mr. Irwin's file, to support her conclusion that "a number of statements by the claimant…reveal large inconsistencies which damage his credibility." [R.31.] The Court cannot presume that the ALJ would have reached the same conclusion without relying on that statement.

## CONCLUSION

Despite the high level of deference afforded to the ALJ's credibility assessment, the ALJ's credibility determination was tainted by a non-harmless factual error. Accordingly, the Court **VACATES** the decision denying Mr. Irwin benefits and **REMANDS** this matter back to the Commissioner for further proceedings pursuant to 42 U.S.C. § 405(g) (sentence four). As this ALJ's opinion was otherwise thorough and well-reasoned—and not challenged on any other basis—the Court recommends that the same ALJ review the matter on remand.

11/01/2010

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Charles Julian Myers
cmyers7943@sbcglobal.net